WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ramina Johal,<br><br>　　　　Plaintiff,<br><br>v.<br><br>United States Life Insurance Company in the City of New York,<br><br>　　　　Defendant. | No. CV-20-00204-PHX-JAT<br><br>**ORDER** |

Pending before the Court is the parties' stipulation to seal all briefing on Plaintiff's to-be-filed motion to take discovery and supplement the record. (Doc. 38). This request will be denied.

The only basis to seal offered is that Plaintiff's medical records are "highly sensitive, personal and confidential." (*Id.*). While the Court is sympathetic to Plaintiff, the Court has a duty to make the public record available to the public. *See Foltz v. State Farm*, 331 F.3d 1122, 1135 (9th Cir. 2003) ("In this circuit, we start with a strong presumption in favor of access to court records and requiring the district court, prior to sealing to, consider all relevant factors, including: the public interest in understanding the judicial process and whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets.... After taking all relevant factors into consideration, the district court must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." (internal quotation and citation omitted)).

1  The Court anticipates that the motion to seek discovery will focus on the law and facts about Defendant's claims handling. For these two entire topics, the stipulation offers no basis to seal.

Further to the extent the stipulation seeks to protect: "Ms. Johal's personal identifiers, such as her full name, address, date of birth and Social Security number" (Doc. 38 at 2) the parties may redact this information in all exhibits without further order of this Court.

Finally, as to Plaintiff's contention that the motion response and reply should be sealed to protect Plaintiff's medical information from public view,

> …this rationale is both overgeneralized and substantively insufficient. "[G]eneralized statements supporting sealing are inadequate; a party must articulate specific facts to justify sealing, and must do so with respect to each item sought to be sealed." *Krieger v. Nationwide Mut. Ins. Co.*, 2012 WL 1623158, *1 (D. Ariz. 2012) (internal quotation marks omitted); *see also Kamakana*, 447 F.3d at 1184 ("Simply mentioning a general category of privilege, without any further elaboration or any specific linkage with the documents, does not satisfy the burden."). Moreover, although the documents are largely composed of Plaintiff's medical records, in which Plaintiff has a privacy interest, Plaintiff has placed his medical condition at issue by filing this ERISA action. *Krieger,* 2012 WL 1623158 at *1 ("Plaintiff put his medical condition at issue when he filed for benefits. The mere assertion that Plaintiff considers medical and personal information sensitive does not amount to a compelling reason to seal."); *Young v. Liberty Mut. Group, Inc.*, 2014 WL 6886018, *2 (D. Ariz. 2014) ("[G]iven the centrality of Plaintiff's medical condition to the case, Plaintiff's privacy interests are not a compelling reason to seal the records from public access. Accordingly, the Court will not seal materials containing Plaintiff's medical information.")… Considering the [] importance of the medical records to the case, Plaintiff's privacy interest does not outweigh the "public interest in understanding the judicial process." *Kamakana*, 447 F.3d at 1181.

*Culver v. NXP USA Inc. Long Term Disability Ins. Plan*, No. CV-18-02205-PHX-DWL, 2019 WL 1452992, at *2 (D. Ariz. Apr. 2, 2019).

Accordingly,

/ / /

/ / /

/ / /

/ / /

1. **IT IS ORDERED** that the stipulation to seal (Doc. 38) is denied.
2. Dated this 21st day of August, 2020.

James A. Teilborg
Senior United States District Judge