**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ramina Johal, | No. CV-20-00204-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| United States Life Insurance Company in the City of New York, | |
| Defendant. | |

Pending before the Court is Plaintiff Ramina Johal's "Motion to Supplement the Administrative Record with Extrinsic Evidence and Motion Regarding the Need for Discovery and its Scope; and Motion to Remand Case" (Doc. 40). The motion has been fully briefed (Doc. 40; Doc. 44; Doc. 46), and the Court now rules.[1]

**I.   BACKGROUND**[2]

This case arises under the Employee Retirement Income Security Act of 1974 (ERISA). Plaintiff's employer purchased a group long-term disability (LTD) policy (the "Policy") from Defendant United States Life Insurance Company in the City of New York. (Doc. 1 at 2; Doc. 20 at 2). In 2017, Plaintiff developed medical issues and applied for

---

[1] The Court finds that a hearing is unnecessary for the pending motion as the issues have been fully briefed and oral argument would not have aided the Court's decisional process. *See Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998); *United States Liab. Ins. Co. v. Xiangnan Gong*, 413 F. Supp. 3d 987, 989 (D. Ariz. 2019).

[2] Because the administrative record has not yet been filed, the Court draws some background facts from admitted allegations in the complaint or agreed-upon statements of the parties.

short-term disability (STD) benefits under her employer's short-term disability policy also issued by Defendant. (Doc. 40 at 4; Doc. 44 at 3). The Hartford (the "Administrator") served as a third-party administrator and made decisions regarding Plaintiff's eligibility for disability benefits. (Doc. 30 at 2, 5). The Administrator approved Plaintiff for STD benefits, which she received until her eligibility expired. (Doc. 1 at 5; Doc. 20 at 4–5). The Administrator then approved Plaintiff for LTD benefits under the Policy. (*See* Doc. 40-3).

About six months after Plaintiff began receiving LTD benefits, the Administrator scheduled Plaintiff for an independent medical examination with Dr. Brian McCrary. (*See* Doc. 40-15). Following the examination, Dr. McCrary issued a report in which he concluded:

> The claimant has no limitations other than those secondary to subjective fatigue. She should limit her walking and standing to five hours per day. No frequent stair climbing and no lifting over 30 lbs. on a frequent basis. Otherwise, no restrictions are medically necessary.

(Doc. 40-7 at 6). Two weeks after Dr. McCrary's report, the Administrator determined that Plaintiff was no longer "disabled" within the meaning of the Policy and, consequently, no longer eligible to receive LTD benefits. (Doc. 40-9 at 2–7).

Plaintiff appealed the benefit denial 20 days later. (*Id.* at 8). Dr. Benton Ashlock reviewed Plaintiff's medical records and the additional information she provided for her appeal and provided a report to the Administrator. (*Id.* at 10–11). Following its review, the Administrator denied Plaintiff's appeal. (*See* Doc. 40-9). The appeal denial report stated:

> Dr. Ashlock reports given consideration of both the subjective and objective information reasonably supported restrictions and limitations from August 18, 2018 to present would include the capability of consistently and reliably performing work activities for 8 hours per day, 5 days per week, for 40 hours per work week with the following medically necessary work activity restrictions: Sitting is unrestricted for 8 hours per day in an 8 hour work day, you are capable of frequently standing and walking for 5 hours each activity up in an 8 hour work day. You are able to frequently lift/carry/push and pull up to 25 pounds and occasionally up to 50 pounds and constantly reach, perform fine manipulation and simple/firm grasp, see, hear and use your lower extremities for foot controls, and frequently balance and stoop and occasionally climb stairs and ladders, kneel, crouch and crawl. . . .

(*Id.* at 10). Based largely on this evaluation, the Administrator concluded that Plaintiff "maintain[ed] the functional capacity to perform the duties of [her] occupation." (*Id.* at 11).

After the denial of her appeal, Plaintiff attempted three times to reopen the appeal and supplement the record with additional medical information. (*See* Doc. 40-1 at 55–57). Defendant denied each request, stating that "the administrative remedies provided by ERISA and the [Policy] have been exhausted." (*Id.*).

Plaintiff then filed the instant action. (*See* Doc. 1). She now moves to supplement the administrative record, for discovery regarding Dr. McCrary's and Dr. Ashlock's potential conflicts of interest, and to remand to the Administrator for consideration of the supplemented record. (Doc. 40).

## II.  DISCUSSION

### A.  Motions to Supplement the Record and Remand

ERISA provides that "every employee benefit plan shall . . . afford a reasonable opportunity to any participant whose claim for benefits has been denied for a full and fair review by the appropriate named fiduciary of the decision denying the claim." 29 U.S.C. § 1133(2). If an administrator denies a claim for disability benefits and the subsequent appeal, the claimant may bring a claim in federal court. *Id.* § 1132(a)(1)(B).

In the district court proceeding, a court reviews the denial of benefits *de novo*, unless the benefit plan grants the administrator discretion to determine eligibility for benefits or construe the plan, in which case a court reviews for an abuse of discretion. *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989). Conducting *de novo* review, a court may admit extrinsic evidence beyond the administrative record, *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 970 (9th Cir. 2006), but may do so "*only* when circumstances *clearly establish* that additional evidence is *necessary* to conduct an adequate de novo review of the benefit decision," *Opeta v. Nw. Airlines Pension Plan for Cont. Emps.*, 484 F.3d 1211, 1217 (9th Cir. 2007) (citation omitted) (emphasis in original). Under abuse of discretion review, a court generally may only consider the administrative record when reaching a decision on the merits. *Abatie*, 458 F.3d at 970.

If, however, the claimant can demonstrate that procedural irregularities prevented the full development of the administrative record, a court may order supplementation of the administrative record to, "in essence, recreate what the administrative record would have been had the procedure been correct." *Abatie*, 458 F.3d at 972. In such cases, a court may remand the claim to the administrator to consider the supplemented record in the first instance. *See Mongeluzo v. Baxter Travenol Long Term Disability Ben. Plan*, 46 F.3d 938, 944 (9th Cir. 1995) ("We leave to the district court whether to remand to the plan administrator for an initial factual determination.").

Plaintiff describes several procedural irregularities that she argues merit supplementing the record.[3] The Court addresses each in turn.

**1. Lack of Notice Regarding How to "Perfect the Claim"**

First, Plaintiff argues that her initial denial letter failed to comply with 29 C.F.R. § 2560.503-1(g)(1)(iii), which requires that an adverse benefit determination include "[a] description of any additional material or information necessary for the claimant to perfect the claim and an explanation of why such material or information is necessary." (Doc. 40 at 7). In other words:

> If benefits are denied in whole or in part, the reason for the denial must be stated in reasonably clear language, with specific reference to the plan provisions that form the basis for the denial; if the plan administrators believe that more information is needed to make a reasoned decision, they must ask for it.

*Booton v. Lockheed Med. Ben. Plan*, 110 F.3d 1461, 1463 (9th Cir. 1997).

Regarding her right to appeal, Plaintiff's initial denial letter provides as follows:

> [ERISA] gives you the right to appeal our decision and receive a full and fair review. You may appeal our decision even if you do not have new information to send to us. You are entitled to receive, upon request and free of charge, reasonable access to, and copies of, all documents, records and other information relevant to your claim. If you do not agree with our denial, in whole or in part, and you wish to appeal our decision, you or your authorized representative must write to us within one

---
[3] Throughout her argument, Plaintiff also makes several references to potential conflicts of interest. The Court discusses the issue in Section B, *supra*.

- 4 -

> hundred eighty (180) days from the receipt of this letter. Your appeal letter should be signed, dated and clearly state your position. . . . Along with your appeal letter, you may submit written comments, documents, records and other information related to your claim.

(Doc. 40-9 at 6).

Relying on *Montour v. Hartford Life & Acc. Ins. Co.*, 588 F.3d 623 (9th Cir. 2009), Plaintiff argues that the language in the initial denial letter was inadequate because it "did not provide any information regarding what was necessary to perfect the appeal . . . ." (Doc. 40 at 7). *Montour*, however, is distinguishable.

In *Montour*, the record considered by the plan administrator on appeal contained the Social Security Administration's (SSA) favorable award, but did not include the opinion of the administrative law judge or the SSA administrative record. *Id.* at 636. The *Montour* court noted that Department of Labor regulations "authorize, if not require, plan administrators working with an apparently deficient administrative record to inform claimants of the deficiency and to provide them with an opportunity to resolve the problem by furnishing the *missing information*." *Id.* (emphasis added); *see also Salomaa v. Honda Long Term Disability Plan*, 642 F.3d 666, 679–80 (9th Cir. 2011) ("The initial denial said [the claimant] should provide 'x-rays, CT, MRI reports, etc. that support your physician's assessment,' but did not tell [the claimant] what x-rays etc. it wanted."); *Booton*, 110 F.3d at 1464 ("[T]o deny the claim without explanation and without obtaining relevant information is an abuse of discretion.").

Here, by contrast, there was nothing specifically *missing* from the record that would render the initial denial letter deficient. The letter listed the items in the administrative record that the Administrator considered in making its decision. (Doc. 40-9 at 4). It discussed Dr. Yumiko Hoeger's, Plaintiff's treating physician, opinion that Plaintiff was disabled and the basis for that opinion. (*Id.* at 4–5). The letter then discussed Dr. McCrary's examination and his recommended work restrictions. (*Id.* at 5). The letter then noted that Dr. Hoeger disagreed with Dr. McCrary's medical conclusions but agreed with the recommended work restrictions. (*Id.*). In this case, there is no deficiency under § 2560.503-

1(g)(1)(iii) "because [Plaintiff's] claim did not fail because [s]he failed to submit needed evidence. It failed because [the Administrator], having considered all the evidence, concluded that it needed no more and that [the claimant] was not disabled." *See Kearney v. Standard Ins. Co.*, 175 F.3d 1084, 1091 (9th Cir. 1999) (*en banc*); *see also Koblentz v. UPS Flexible Employee Ben. Plan*, No. 12-CV-0107-LAB, 2013 WL 4525432, at *4 (S.D. Cal. Aug. 23, 2013) ("Compliance with [§ 2560.503-1(g)(1)(iii)] was not required here because there was no indication that any particular additional information was needed to make a reasoned decision.").

Plaintiff does not identify any particular information the Administrator should have informed Plaintiff it needed. Instead, the crux of Plaintiff's argument seems to be that the Administrator failed to tell her that she could "perfect" her claim by procuring more persuasive medical evidence demonstrating that she is disabled in conflict with Dr. McCrary's conclusion. Such an open-ended "find more favorable evidence" interpretation of § 2560.503-1(g)(1)(iii) would insert a procedural irregularity into every case in which an administrator determines that the evidence in the administrative record weighs against an award of benefits. Accordingly, the Court does not find that the initial denial letter failed to meet the § 2560.503-1(g)(1)(iii) requirement.

**2. Providing Misleading Information**

Second, Plaintiff argues that a representative of the Administrator improperly informed her that no additional information was necessary for the Administrator to reach a decision, leading her to submit the appeal before acquiring additional medical records. (Doc. 40 at 8).

After receiving her initial denial letter dated August 8, 2018, Plaintiff sent a letter appealing the denial on August 28, 2018. (Doc. 40-9 at 8). The appeal letter stated that Plaintiff had two upcoming appointments with Dr. Davis Simms and Dr. Amin Mona. (*Id.* at 9). On September 26, 2018, a representative of the Administrator called Plaintiff to discuss her appeal. (*Id.*; Doc. 40-11 at 3). In Plaintiff's appeal denial letter, the Administrator describes the conversation as follows:

> On September 26, 2018 we spoke regarding your claim and appeal and discussed whether you wanted us to place your appeal in pending status to allow you to submit the medical information from the noted upcoming appointments outlined in September, 2018 and October, 2018. You requested that we proceed with our review without the additional appointment information.

(Doc. 40-9 at 9).

Plaintiff, however, claims that she was misled into submitting her appeal when she did. (Doc. 40 at 8). In support of this claim, Plaintiff offers an affidavit stating that when asked whether she wanted to submit her appeal before the appointments, the Administrator's representative told her that she "had submitted enough information and they could make their decision now, rather than prolonging it for the several months that it would take for" Plaintiff to see her doctors. (Doc. 40-10 at 3). Defendant offers no conflicting evidence, and in fact, does not dispute (or acknowledge) Plaintiff's evidence. Accordingly, for purposes of the Plaintiff's motion, the Court accepts Plaintiff's affidavit regarding what Defendant's representative told her as true. *See generally Kearney*, 175 F.3d at 1096 (B. Fletcher, J., concurring in part and dissenting in part).

Plaintiff asserts that this statement "clearly led her to believe that if she appealed then, the claim would be approved." (Doc. 40 at 8). Regardless of whether the representative's statement implied a forthcoming approval, it certainly implied that the Administrator's decision was a foregone conclusion. Assuming the Administrator intended to complete a "full and fair" review of Plaintiff's claim based on all available medical information, *see* 29 U.S.C. § 1133(2), it should have informed Plaintiff that this additional information could impact the outcome of her appeal.

The Court finds that had Plaintiff been told that the Administrator would consider more medical information and such information could impact the outcome of her appeal, she would have included more information in the record. Accordingly, under *Abatie*, 458 F.3d at 972, the record should be supplemented to include the reports of Drs. Simms and Mona as well as the additional medical information she acquired during the 180 days she had to submit an appeal set forth in Doc. 40-5 (Plaintiff's Exhibit E).

**3. Failure to Disclose Doctor's Report**

Finally, Plaintiff argues that the Administrator erred by failing to disclose Dr. Ashlock's report before the appeal decision.[4]

A plan administrator's "claims procedures . . . will not be deemed to provide a claimant with a reasonable opportunity for a full and fair review of a claim and adverse benefit determination unless the claims procedures" ensure that "a claimant shall be provided, upon request and free of charge, reasonable access to, and copies of, all documents, records, and other information relevant to the claimant's claim for benefits." 29 C.F.R. § 2560.503-1(h)(2)(iii).

Plaintiff correctly argues that *Salomaa*, 642 F.3d at 680, held that "[a] physician's evaluation provided to the plan administrator falls squarely within [§ 2560.503-1(h)(2)(iii)'s] disclosure requirement." *See also Yancy v. United of Omaha Life Ins. Co.*, No. CV149803PSGPJWX, 2015 WL 5132086, at *4 (C.D. Cal. Aug. 25, 2015) ("Under binding Ninth Circuit authority, the failure to provide a claimant with a physician's report relied on during the administrative appeal of a denied benefits claim violates ERISA's guarantee for 'full and fair review' of a denied claim.").

However, "[c]ase law and the relevant regulations state that a plan must provide a claimant with copies of his or her record 'upon request.'" *Masuda-Cleveland v. Life Ins. Co. of N. Am.*, No. CV 16-00057 LEK-RLP, 2017 WL 427497, at *6 (D. Haw. Jan. 31, 2017); *see also Lewis v. Unum Life Ins. Co. of Am.*, 450 F. Supp. 3d 1019, 1022, 1024 (D. Ariz. 2020) (remanding for supplementation of the record after administrator failed to respond to a request for consulting experts' reports). Here, Plaintiff does not cite anything demonstrating that she requested Dr. Ashlock's report prior to her appeal denial. She

---

[4] Plaintiff also argues that the Administrator erred by denying her claim without sending Dr. McCrary's report to Dr. Neil Dende, another of her treating physicians, and Kelsey Lafond, her physical therapist, for a response. (Doc. 40 at 9). Even assuming this demonstrates a failure to fully consider the claim as Plaintiff asserts, both Dr. Dende and Lafond had the opportunity to respond to Dr. McCrary's opinion as part of Plaintiff's appeal. And the letter denying Plaintiff's appeal indicates that the Administrator considered a letter from Dr. Dende and notes from Lafond. (Doc. 40-9 at 8–10). Accordingly, Plaintiff fails to demonstrate that any potential error prevented the development of the administrative record. *See Abatie*, 458 F.3d at 972.

instead argues that the Administrator should have disclosed Dr. Ashlock's report because it knew that Plaintiff and her medical providers disagreed with Dr. Ashlock's opinions. (Doc. 40 at 9). But *Salomaa* imposes no such requirement, and Plaintiff cites no other authority supporting this argument.

### 4. Scope of Supplementation and Remand

As discussed above, the Court grants the request to supplement the record with information that would have been included before the appeal deadline. Plaintiff also requests to supplement the record with the SSA's decision finding Plaintiff disabled, along with the entire SSA claim file. (Doc. 40 at 2).

Defendant argues that the SSA information would not impact this Court's review because the SSA findings are not binding on disability plan administrators and because the SSA decision post-dated the Administrator's decision. (Doc. 44 at 6–7).

The Court agrees with Defendant that as a general matter, "a district court should not take additional evidence merely because someone at a later time comes up with new evidence that was not presented to the plan administrator." *Mongeluzo*, 46 F.3d at 944. The Ninth Circuit, however, has emphasized that "[w]hile ERISA plan administrators are not bound by the SSA's determination, complete disregard for a contrary conclusion without so much as an explanation raises questions about whether an adverse benefits determination was 'the product of a principled and deliberative reasoning process.'" *Montour*, 588 F.3d at 635 (quoting *Glenn v. MetLife*, 461 F.3d 660, 674 (6th Cir. 2006), *aff'd sub nom. Metro. Life Ins. Co. v. Glenn*, 554 U.S. 105 (2008)). Accordingly, "a proper acknowledgment of a contrary SSA disability determination would entail comparing and contrasting . . . the medical evidence upon which the decisionmakers relied." *Id.* at 636.

Here, because the Court finds that a procedural irregularity prevented the full development of the record, the Court determines a remand is appropriate to consider the complete record in the first instance. "Although clearly, [the Administrator] did not abuse its discretion by failing to consider a SSA decision that had not yet been rendered, [it] should not now, when reconsidering the record due to a previous omission and procedural

irregularities, ignore a conflicting SSA determination." *Woolsey v. Aetna Life Ins. Co.*, No. CV-18-00578-PHX-SMB, 2020 WL 1083932, at *13 (D. Ariz. Mar. 6, 2020). Accordingly, the Court grants Plaintiff's request to supplement the administrative record with her SSA claim file.

### B. Motion for Additional Discovery

Plaintiff also seeks discovery "narrowly tailored to the conflicts of interest she alleges led to the claim termination." (Doc. 40 at 11). This includes financial documentation relating to the amount Defendant or the Administrator paid the vendors who referred Drs. McCrary and Ashlock, performance evaluations of the Administrator's employee who rendered the final denial and issued the letters which refused to re-open the claim, any guidelines and manuals the Administrator used, and several depositions. (*Id.* at 12). Because the Court finds that supplementing the administrative record and remanding to the Administrator is appropriate in this case, the Court denies the request for discovery as moot.

Throughout her motion, Plaintiff makes much of the fact that Defendant and the Administrator were operating under a structural conflict of interest and alleges that Drs. McCrary and Ashlock were biased in favor of the companies who retain them for their services. (*See* Doc. 40). On remand, however, Plaintiff will receive a complete review of the supplemented record and a new decision. That decision must be based on a full and fair review of the record, *see* 29 U.S.C. § 1133(2), and must discuss any potential disagreement with the decision of the SSA, *see Montour*, 588 F.3d at 636. To the extent that review leads to a decision in Plaintiff's favor, no need for discovery into any potential biases or conflicts of interest will exist. If this review leads the Administrator deny the claim and Plaintiff believes the denial is based on a conflict of interest or improper bias, she can request discovery in a subsequent court proceeding under *de novo* review. *See Opeta*, 484 F.3d at 1217.

## III. CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Plaintiff's Motion to Supplement the Administrative Record with Extrinsic Evidence (Doc. 40) is **GRANTED** as specified above.

**IT IS FURTHER ORDERED** that Plaintiff's Motion Regarding the Need for Discovery and its Scope (Doc. 40) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Remand Case (Doc. 40) is **GRANTED**. This case is remanded to the Plan Administrator for further proceedings consistent with this Order.

**IT IS FURTHER ORDERED** that the Clerk of Court shall terminate this action and enter judgment accordingly.

Dated this 13th day of October, 2020.

James A. Teilborg
Senior United States District Judge